FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 17 2023

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

In the UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FRANKIE BLEDSAW**                                                                 **PLAINTIFF**

v.                          Case No. 4:23-CV-358-KGB

**MCGEORGE CONTRACTING CO., INC.**                                 **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Frankie Bledsaw, by and through his attorney Chris Burks of WH LAW, for his Original Complaint against McGeorge Contracting Co., Inc., he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action against the Defendant for violation under the Americans with Disabilities Act of 1990 ("ADA") and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, et seq. ("ACRA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory actions toward Plaintiff, resulting in his termination.

2. Plaintiff received inequitable treatment and an adverse employment action as a result of Defendant's regarding Plaintiff as a disabled person with a disability that substantially limited a major life activity and in retaliation for Plaintiff suffering work-related injuries.

3. Upon information and belief, Defendant has willfully and intentionally committed violations of ADA and ACRA, as described, *infra*.

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

## II. JURISDICTION AND VENUE

4.  The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the ADA.

5.  Plaintiff's claims under ACRA form part of the same case or controversy and arise out of the same facts as the ADA claims alleged in this Complaint.

6.  Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

7.  The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.  Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9.  The witnesses to ADA and ACRA violations alleged in this Complaint reside in this District.

## III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff is a resident and citizen of Pulaski County, Arkansas.

12. Plaintiff Frankie Bledsaw was hired by Defendant in September 2021.

13. Plaintiff was terminated from his employment with Defendant in July 2022.

14. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under ADA and ACRA.

15. Defendant McGeorge Contracting Co., Inc. is a for profit corporation registered and licensed to do business in the State of Arkansas.

16. Defendant McGeorge Contracting Co., Inc. can be served through its agent for service, W. Scott McGeorge, who can be served at 1501 Heartwood, White Hall, AR 71602.

17. Defendant McGeorge Contracting Co., Inc. is an "employer" within the meanings set forth in ADA and ACRA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

### IV.   FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

19. Plaintiff was hired by Defendant as a concrete finisher in September 2021.

20. In January 2022, while working on a job site for Defendant at in North Little Rock, Arkansas, Plaintiff fell and injured his knee.

21. As a result of the fall, Plaintiff saw his doctor, who performed an MRI on his knee. His doctor informed Plaintiff he may need surgery on this knee in the future.

22. Plaintiff did not take any time off after the January 2022 fall.

23. In March 2022, Plaintiff was working for Defendant at another job site in Hampton, Arkansas.

24. On March 8, 2022, Plaintiff fell and re-injured his knee.

25. Plaintiff reported this injury to his supervisor, Andy Kelley.

26. Kelley told Plaintiff to leave work because his knee was swollen and painful.

27. Plaintiff saw his doctor again, who recommended Plaintiff for surgery for a torn medial meniscus of his knee.

28. Plaintiff's surgery was performed on April 11, 2022. Plaintiff was substantially limited in his major life-activities at this time including walking and climbing, but would have been able to do his job once he recovered from surgery.

29. Plaintiff reported this work-related injury and his medical treatment to Defendant via his supervisor, Andy Kelley.

30. Plaintiff was unable to work while undergoing surgery and recovering from this surgery.

31. Plaintiff understood from Defendant's statement that he would return to his position once he was medically cleared to do so by his doctor.

32. Plaintiff was medically cleared to return to work with no duty restrictions on July 18, 2022.

33. Plaintiff contacted his supervisor, Andy Kelley, regarding his return to work.

34. Kelley told him that the company did not intend to bring him back to work because they had other concrete finishers working on their current projects and because the Defendant was "worried about your knee," referring to the knee Plaintiff had previously injured and underwent surgery to repair.

35. Defendant's statements showed that they perceived and regarded Plaintiff as disabled, even though Plaintiff had been cleared to return to work with no restrictions.

36. Defendant showed a clear preference for other employees who they did not perceive and regard as disabled by declining to allow Plaintiff to return to work, even though Defendant previously stated he would be able to do so once he had been medically cleared.

37. Plaintiff filed a worker's compensation claim against Defendant for the March 2022 work-related injury.

38. Plaintiff observed another employee who was injured in a non-work-related injury who was allowed to return to work in his position.

39. Plaintiff experienced retaliatory treatment as a result of being regarded as disabled and suffering work-related accidents and having to take time off work to receive medical treatment.

40. As a result of the ongoing discrimination and retaliation Plaintiff experienced due to his injuries and Defendant's perception of him as a disabled person, Plaintiff was terminated from his employment in July 2022.

## V.   FIRST CLAIM FOR RELIEF – ADA Claims

41. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

42. Plaintiff filed a timely charge with the EEOC alleging violations of Title I and Title V of the ADA by Defendant.

43. Plaintiff received a right to sue letter, and thus exhausted his administrative remedies.

44. Defendant engaged in unlawful employment practices in violation of the Americans with Disabilities Act of 1990.

45. Specifically, and as detailed above, Plaintiff, who Defendant perceived as disabled, was terminated as a result of disability discrimination and retaliation.

46. Defendant employs non-disabled employees who were not subject to the same treatment that Plaintiff experienced during his employment.

47. As a result, Plaintiff was treated disparately from Defendant's non-disabled employees.

48. At all relevant times, Plaintiff could perform the essential function of the position for which he was hired after he was medically cleared by his doctor to return to work with no restrictions on July 18, 2022.

49. However, Plaintiff was terminated from his position within the relevant statutory period.

50. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of disability discrimination and retaliation.

51. The unlawful employment practices complained of above were and are intentional.

52. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

53. Pursuant to Americans with Disabilities Act of 1990, Plaintiff is entitled to, and he seeks, an additional amount as compensatory and punitive damages equal to the sum of his lost wages or salary, benefits and/or other compensation denied or lost to him by reason of Defendant's violations of Title VII, plus any interest he is entitled to for these causes, because Defendant's

action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

## VI. THIRD CLAIM FOR RELIEF – ACRA Claims

54. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. Plaintiff has timely filed a charge with the EEOC, received a right to sue letter, and has thus exhausted his administrative remedies.

56. Defendant engaged in unlawful employment practices in violation of Ark. Code Ann. §§ 16-123-101, *et seq.*

57. Specifically, and as detailed above, Plaintiff was terminated as a result of ongoing disability discrimination and retaliation.

58. Defendant employs non-disabled employees who were not subject to the same treatment that Plaintiff experienced during his employment.

59. As a result, Plaintiff was treated disparately from Defendant's non-disabled employees.

60. At all relevant times, Plaintiff could perform the essential function of the position for which he was hired after he was medically cleared by his doctor to return to work with no restrictions on July 18, 2022.

61. However, Plaintiff was terminated from his position within the relevant statutory period.

62. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of disability discrimination and retaliation.

63. The unlawful employment practices complained of above were and are intentional.

64. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

65. Pursuant to Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and he seeks, an additional amount as compensatory and punitive damages equal to the sum of his lost wages or salary, benefits and/or other compensation denied or lost to him by reason of Defendant's violations of ACRA, plus any interest he is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ACRA.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Frankie Bledsaw respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) A declaratory judgment that Defendant's practices violate the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.* and the related regulations;

(B) A declaratory judgment that Defendant's practices violate Americans with Disability Act of 1990 and the related regulations;

(C) Judgment for damages pursuant to Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for all compensation owed Plaintiff for back pay and associated interest and fees;

(D) Judgment for damages pursuant to Americans with Disabilities Act of 1990, for all compensation, compensatory, and punitive damages owed to Plaintiff;

(E) An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(F) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Frankie Bledsaw, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: Chris Burks (ABN: 2010207)
chris@wh.law