THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FRANKIE BLEDSAW                                                                    PLAINTIFF

v.                                    Case No. 4:23-cv-00358-KGB

MCGEORGE CONTRACTING CO.                                                           DEFENDANT

## ORDER

Before the Court is defendant McGeorge Contracting, Co.'s ("McGeorge") motion for judgment on the pleadings (Dkt. No. 9).  Plaintiff Frankie Bledsaw responded in opposition to the motion (Dkt. No. 11), and McGeorge replied (Dkt. No. 12).  For the following reasons, the Court grants the motion and dismisses with prejudice Mr. Bledsaw's complaint (Dkt. Nos. 1; 9).

### I.      Overview

McGeorge moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) asserting that Mr. Bledsaw fails to state a claim upon which relief can be granted under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), "because the impairment was transitory and minor and because McGeorge did not discriminate or take any adverse employment action against Mr. Bledsaw based on the alleged disability." (Dkt. No. 9, ¶ 2).  McGeorge maintains that the complaint contains multiple allegations that Mr. Bledsaw's injury lasted less than five months and that his injury was transitory as defined by the ADA because its actual duration was less than six months (*Id.*, ¶ 3).  McGeorge also contends that there are no allegations in the complaint suggesting that McGeorge believed Mr. Bledsaw's injury would last longer than six months (*Id.*).  Further, McGeorge maintains that it did not rehire Mr. Bledsaw because it did not have any open positions available at the time Mr. Bledsaw presented himself for rehire (*Id.*, ¶ 4).  McGeorge asserts that, as a result, it did not discriminate or take any adverse

employment action against Mr. Bledsaw because of his alleged disability as required to state a claim under the ADA (*Id.*).

Mr. Bledsaw opposes the motion for judgment on the pleadings, arguing first that the motion is premature because the pleadings have not closed and second that, when the allegations in his complaint are taken as true, Mr. Bledsaw's complaint survives the motion for judgment on the pleadings (Dkt. No. 11).

## II.    Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings under Rule 12(c) is evaluated using the same standard used to evaluate a motion to dismiss under Rule 12(b)(6).  *Gallagher v. City of Clayton,* 699 F.3d 1013, 1016 (8th Cir. 2012); *Clemons v. Crawford,* 585 F.3d 1119, 1124 (8th Cir. 2009); *Ashley Cnty. v. Pfizer, Inc.,* 552 F.3d 659, 665 (8th Cir.2009).  "A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'"  *Poehl v. Countrywide Home Loans, Inc.,* 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002), *overruling recognized on other grounds*, 53 F.4th 464, 469 n.4 (8th Cir. 2022)).

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  However, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson,* 355 U.S. 41 (1957)) (alteration in original).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quoting *Twombly,* 550 U.S. at 570). The plaintiff's complaint must be read as a whole, rather than "parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (citing *Vila v. Inter–Am. Inv. Corp.,* 570 F.3d 274, 285 (D.C. Cir. 2009)).

Under the current pleading standard, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly,* 550 U.S. at 555. Thus, the Court, in examining a motion to dismiss, must determine whether the plaintiff raises a plausible claim of entitlement to relief after assuming all factual allegations in the complaint to be true. *Twombly,* 550 U.S. at 558.

### III.   Discussion

In his complaint, Mr. Bledsaw alleges that he received "inequitable treatment and an adverse employment action as a result of Defendant's regarding Plaintiff as a disabled person with a disability that substantially limited a major life activity and in retaliation for Plaintiff suffering work-related injuries." (Dkt. No. 1, ¶ 2). He alleges that he is "entitled to the rights, protection and benefits provided under [the] ADA . . . ." (*Id.*, ¶ 14). Mr. Bledsaw claims that, on April 11, 2022, at the time of his surgery, he "was substantially limited in his major life-activities at this time including walking and climbing, but would have been able to do his job once he recovered from surgery." (*Id.*, ¶ 28). Mr. Bledsaw alleges that he "was medically cleared to return to work with no duty restrictions on July 18, 2022." (*Id.*, ¶ 32). Mr. Bledsaw alleges that, when he contacted his supervisor about returning to work, his supervisor told Mr. Bledsaw "that the company did not intend to bring him back to work because they had other concrete finishers working on their current projects and because the Defendant was 'worried about your knee,'

referring to the knee Plaintiff had previously injured and underwent surgery to repair." (*Id.*, ¶¶ 33, 34).   Mr. Bledsaw maintains that these statements "showed that [McGeorge] perceived and regarded Plaintiff as disabled, even though Plaintiff had been cleared to return to work with no restrictions" and that defendant showed a clear preference for other employees who defendant did not perceive and regard as disabled (*Id.*, ¶¶ 35, 36).   Mr. Bledsaw contends that he "experienced retaliatory treatment as a result of being regarded as disabled and suffering work-related accidents and having to take time off work to receive medical treatment." (*Id.*, ¶ 39).   Further, Mr. Bledsaw alleges that, "[a]s a result of ongoing discrimination and retaliation" and McGeorge's "perception of him as a disabled person," Mr. Bledsaw "was terminated from his employment in July 2022." (*Id.*, ¶ 40).

### A.      Timing Of The Close Of Pleadings

Mr. Bledsaw argues that McGeorge's motion is premature because under Federal Rule of Civil Procedure 12(c) a motion for judgment on the pleadings may only be filed "after the pleadings are closed." (Dkt. No. 11, at 3).   Mr. Bledsaw argues that the pleadings are not closed because a scheduling order has not yet been issued in this case and because no pleadings deadline has passed (*Id.*).

The pleadings in this case are closed because Mr. Bledsaw has filed his complaint, McGeorge has filed its answer, and Mr. Bledsaw has not sought leave to reply.   In cases such as this one without crossclaims, counterclaims, or third-party complaints, the only pleadings allowed by the Federal Rule of Civil Procedure are a complaint, an answer, and a reply if ordered by the court.   Fed. R. Civ. P 7(a).   "The pleadings are 'closed' after the complaint and answer are filed, along with any reply to additional claims asserted in the answer."   *Foster Cable Servs., Inc. v. Deville*, 368 F. Supp. 3d 1265, 1271 (W.D. Ark. 2019).   In this case Mr. Bledsaw has filed his

complaint, McGeorge has filed an answer, and Mr. Bledsaw has not sought leave to reply (Dkt. Nos. 1; 2).  The pleadings are therefore closed, and McGeorge's motion for judgment on the pleadings is not premature.

### B.     Discrimination Under The ADA

McGeorge argues that Mr. Bledsaw fails to state a claim for discrimination under the ADA because Mr. Bledsaw's impairment was transitory and minor and because McGeorge did not discriminate against Mr. Bledsaw based on the alleged disability (Dkt. No. 10, at 2).

To survive a motion for judgment on the pleadings, Mr. Bledsaw must have alleged sufficient facts that, when taken as true, make it plausible:  (1) that he is a qualified individual under the ADA; (2) that he suffered discrimination as the term is defined by the ADA; and (3) that the discrimination was based on a disability as defined by the ADA.  *Brown v. City of Jacksonville*, 711 F.3d 883, 888 (8th Cir. 2013).  The term "disability" includes not only "a physical or mental impairment that substantially limits one or more major life activities of such individual," but also, under paragraph 1(C) of the ADA, being "regarded as having such an impairment."  42 U.S.C. § 12102(1).  "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C. § 12102(3)(A).

However, in the next section, 42 U.S.C. § 12102(3)(B), there is an exception to "regarded as" disabled ADA claims:  "[p]aragraph (1)(C) shall not apply to impairments that are transitory and minor.  A transitory impairment is an impairment with an actual or expected duration of 6 months or less."  42 U.S.C. § 12102 (3)(B).  In other words, an employee who would otherwise be defined as disabled for purposes of the ADA because the employee was regarded as disabled by

the employer is not disabled under the ADA if the employee's actual impairment lasted less than six months, regardless of how long the impairment was expected to last. *See, e.g., Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 303 (5th Cir. 2020) (holding that the plaintiff's impairment "was objectively transitory and minor by her own admission, because the actual or expected duration of any impairment . . . was less than six months").

In this case, based on the allegations in Mr. Bledsaw's complaint, his impairment had an actual duration of fewer than six months. Mr. Bledsaw alleges that he stopped working due to his knee injury on March 8, 2022 (Dkt. No. 1, ¶ 24). Mr. Bledsaw alleges that he had knee surgery on April 11, 2022 (*Id.*, ¶ 28). Mr. Bledsaw alleges that he "was medically cleared to return to work with no duty restrictions on July 18, 2022." (*Id.*, ¶ 32). The period between March 8, 2022, and July 18, 2022, is less than six months and is therefore transitory and minor and excluded from "regarded as" disabled claims. 42 U.S.C. § 12102(3)(A). The Court does not reach the question of whether Mr. Bledsaw suffered discrimination based on his alleged disability because he has not pled sufficient facts to make it plausible that he was regarded as disabled as defined by the ADA.

Mr. Bledsaw argues that he has stated a claim that he was regarded as disabled because he alleged in his complaint that, after he was medically cleared, his supervisor explained that the company did not intend to bring him back to work in part because McGeorge was "worried about your knee" (Dkt. Nos. 11, at 5-6; 1, ¶¶ 34-35). Mr. Bledsaw argues that this means he was regarded as being disabled for more than 6 months (Dkt. No. 11, at 5-6). However, whether Mr. Bledsaw was perceived as disabled for more than 6 months by McGeorge does not affect the Court's analysis. The ADA defines a transitory impairment as "an impairment with an actual *or* expected duration of 6 months or less." 42 U.S.C. § 12102(3)(B) (emphasis added). In this case, Mr. Bledsaw's own complaint alleges that the actual injury was less than six months in duration.

Because the words "actual" and "expected" are joined in the statute by an "or" rather than an "and," the fact that the actual duration of the injury was less than six months makes the expected duration irrelevant.

At points in his response to defendant's motion for judgment on the pleadings, Mr. Bledsaw uses language that could be construed as an argument not that he was regarded as disabled as defined by paragraph 1(C) of the ADA but that he was actually disabled as defined by paragraph 1(A) because he was "substantially limited in his major life-activities at this time including walking and climbing." (Dkt. No. 11, at 4). Mr. Bledsaw has alleged that, at the time he attempted to return to work on July 18, 2022, he was medically cleared to return to work with no restrictions (Dkt. No. 1, ¶ 32). Based on these alleged facts, Mr. Bledsaw was not substantially limited in his life activities at the time the alleged discrimination occurred and, therefore, was not disabled as defined by paragraph 1(A) of the ADA. To the extent that Mr. Bledsaw intended to argue that he was discriminated against due to an actual disability, rather than due to being regarded as disabled, this argument fails because based on the facts alleged in Mr. Bledsaw's complaint he was not disabled as defined by 42 U.S.C. § 12102(1)(A) of the ADA at the time the alleged discrimination occurred.

Finally, at points in his complaint and response to McGeorge's motion for judgment on the pleadings, Mr. Bledsaw uses the words "retaliation" or "retaliatory" (Dkt. Nos. 1, ¶¶ 2, 40, 45, 50, 57, 62; 11, at 2, 4, 5). Mr. Bledsaw has pled no facts that could plausibly support a claim for retaliation—for example, any facts indicating that he was engaged in protected First Amendment activity—and the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original). To the extent that Mr.

Bledsaw intended to argue that McGeorge retaliated against him, the Court grants McGeorge's motion for judgment on the pleadings on that claim.

**IV.     Conclusion**

For the foregoing reasons, the Court grants McGeorge's motion for judgment on the pleadings (Dkt. No. 9).  Mr. Bledsaw's complaint is dismissed with prejudice (Dkt. No. 1).

It is so ordered this 30th day of March, 2024.

_Kristine G. Baker_____
Kristine G. Baker
Chief United States District Judge

8